FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>$13,196.00 U.S. CURRENCY,<br><br>Defendant. | No. 1:22-CV-03075-MKD<br><br>ORDER GRANTING UNITED STATES' MOTIONS TO LIFT STAY AND FOR DEFAULT JUDGMENT; AND DENYING CLAIMANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>***U.S. MARSHALS SERVICE ACTION REQUIRED***<br><br>**ECF Nos. 22, 23, 27** |

Before the Court are the United States' Motion to Lift Stay, ECF No. 27; the United States' Motion for Default Judgment and Final Order of Forfeiture, ECF No. 22; and Claimant Salvador Ruiz-Cortez's Motion to Set Aside Entry of Default, ECF No. 23. No oral argument was requested on the pending motions. The Court has considered the briefing and the record and is fully informed. For the reasons discussed below, the Court grants the United States' motions, denies Ruiz-Cortez's motion, and enters the following Final Order of Forfeiture.

ORDER - 1

## BACKGROUND

On March 31, 2022, the United States filed a Verified Complaint for Forfeiture *in Rem* against "$13,196.00 U.S. currency, seized by the Bureau of Alcohol, Tobacco, Firearms and Explosives on or about June 15, 2017, pursuant to the execution of a Federal Search and Seizure Warrant" (hereinafter "Defendant Property"). ECF No. 1 at 1-2. On September 23, 2022, default was entered against five Claimants: (1) Beatriz Martinez, (2) Carlos Hernandez, (3) Pablo Martinez, (4) Salvador Ruiz-Cortez, and (5) Thalia Ruiz. ECF Nos. 17-21. The United States moved for default judgment on February 9, 2023. ECF No. 22.

On February 22, 2023, Claimant Ruiz-Cortez filed the instant Motion to Set Aside Entry of Default. ECF No. 23. Ruiz-Cortez stated he intended to contest the forfeiture of the Defendant Property based on a Fed. R. Crim. P. 60(b) motion filed in his related criminal matter, *United States v. Ruiz-Cortez*, No. 1:17-CR-2029-MKD-1. *Id.* at 1. Ruiz-Cortez's Rule 60(b) motion challenged the validity of his plea agreement, which contained a waiver of his right to challenge the forfeiture of the Defendant Property and other items. Plea Agreement at 10-12, *Ruiz-Cortez*, No. 1:17-CR-2029-MKD-1 (E.D. Wash. Sept. 11, 2018), ECF No. 144; Motion, *Ruiz-Cortez*, No. 1:17-CR-2029-MKD-1 (E.D. Wash. Feb. 22, 2023), ECF No. 187. On September 25, 2023, the Court stayed the pending motions in this matter until resolution of Ruiz-Cortez's Rule 60(b) motion. ECF No. 26.

ORDER - 2

The Rule 60(b) motion was ultimately construed as a motion under 28 U.S.C. § 2255 and resolved on April 16, 2024. *See* Order, *Ruiz-Cortez*, No. 1:17-CR-2029-MKD-1 (E.D. Wash. Apr. 16, 2024), ECF No. 198. The Court concluded, in relevant part, that Ruiz-Cortez's claims for relief were barred by the enforceable appeal waiver contained in the plea agreement. *Id.* at 13-15.

## DISCUSSION

### A. United States' Motion to Lift Stay

There being no further reason to stay this matter, the Court grants the United States' Motion to Lift Stay.

### B. Ruiz-Cortez's Motion to Set Aside Entry of Default

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). The Court concludes that Ruiz-Cortez has not shown good cause to set aside the entry of default against him, given the enforceable waiver of forfeiture challenges contained in his plea agreement. That waiver provided as follows:

> **13. Forfeiture:**
>
> The Defendant, SALVADOR RUIZ-CORTEZ, agrees to voluntarily forfeit and relinquish all right, title[,] and interest he has in the following listed assets to the United States:
>
> <u>U.S. CURRENCY</u>
> 1) Approximately $13,169.00 in U.S. currency, seized pursuant to a federal warrant, by the Bureau of Alcohol, Tobacco, Firearms & Explosives, on or about June 15, 2017.

ORDER - 3

. . .

    The Defendant does not contest that [the] asset(s) covered by this agreement are subject to forfeiture as property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s) and any property used or intended to be used, in any manner or part, to commit or facilitate the commission of the Distribution of Five Grams or More of Actual Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B)(viii), and are therefore forfeitable to the United States pursuant to 21 U.S.C. § 853.

    The Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

    The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

    The Defendant waives further notice of any federal, state[,] or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

Plea Agreement at 10-12, *Ruiz-Cortez*, No. 1:17-CR-2029-MKD-1 (E.D. Wash. Sept. 11, 2018), ECF No. 144.

ORDER - 4

As Ruiz-Cortez has no continuing right to challenge the forfeiture of the Defendant Property, the Court denies Ruiz-Cortez's Motion to Set Aside Entry of Default.

**C. United States' Motion for Default Judgment**

The United States moves for default judgment against the interests of Claimants Beatriz Martinez, Carlos Hernandez, Pablo Martinez, Salvador Ruiz-Cortez, and Thalia Ruiz in the Defendant Property and for entry of a final order of forfeiture that vests all right, title, and interest in the Defendant Property in the United States. ECF No. 22 at 1. To date, no Claimant other than Ruiz-Cortez has appeared in this matter.

*1. Jurisdiction*

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" to "determine whether it has the power . . . to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).

The federal district courts have original jurisdiction over "all civil actions, suits or proceedings commenced by the United States," 28 U.S.C. § 1345, and "any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress[.]" 28 U.S.C.

ORDER - 5

§ 1355(a).  "[I]n a civil forfeiture proceeding *in rem*, jurisdiction is dependent upon seizure of . . . the property in dispute."  *United States v. Obaid*, 971 F.3d 1095, 1099 (9th Cir. 2020) (citation, quotation marks, and alterations omitted).  "A forfeiture action or proceeding may be brought in . . . the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred[.]"  28 U.S.C. § 1355(b)(1)(A).

This matter is a civil forfeiture proceeding under 21 U.S.C. § 881(a)(6) that was commenced by the United States, and it is therefore within the Court's subject matter jurisdiction.  Law enforcement seized the Defendant Property from a residence in Buena, Washington, as part of an investigation of violations of the Controlled Substances Act committed within Yakima County.  *See* ECF No. 1 at 1-2; ECF No. 10-2 at 1; Plea Agreement at 6-7, *Ruiz-Cortez*, No. 1:17-CR-2029-MKD-1 (E.D. Wash. Sept. 11, 2018), ECF No. 144.  Therefore, the Court has *in rem* jurisdiction over the Defendant Property, and venue is proper in the Eastern District of Washington.  *See Obaid*, 971 F.3d at 1099; 28 U.S.C. § 1355(b)(1)(A).

*2. Procedural Requirements*

A motion for default judgment is subject to the provision of Fed. R. Civ. P. 55 and Local Civil Rule (LCivR) 55.  The United States moved for and obtained entry of default against all Claimants in accordance with LCivR 55(a) and has moved for default judgment in accordance with LCivR 55(b).  ECF Nos. 12-21, 22, 22-1.

ORDER - 6

1      Forfeiture actions in rem are also subject to the procedural requirements of
2  Fed. R. Civ. P. G.  The Verified Complaint for Forfeiture *in Rem*, ECF No. 1,
3  complies with the requirements of Rule G(2).  The United States published notice of
4  the forfeiture action on an official internet government forfeiture site for 30
5  consecutive days, beginning on June 24, 2022, and ending on July 23, 2022, in
6  compliance with Rule G(4)(a).  ECF No. 10.  The United States also provided direct
7  notice to potential claimants on June 23, 2022, in compliance with Rule G(4)(b).
8  ECF No. 9.

      *3. Substantive Requirements*

10     Upon default, the Court assumes that the well-pleaded allegations in the
11 complaint, except those relating to the amount of damages, are true. *Geddes v.*
12 *United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*,
13 323 U.S. 1, 12 (1944)). The Court considers seven factors in exercising its discretion
14 to enter a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the
15 merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the
16 sum of money at stake in the action[,] (5) the possibility of a dispute concerning
17 material facts[,] (6) whether the default was due to excusable neglect, and (7) the
18 strong policy underlying the Federal Rules of Civil Procedure favoring decisions on
19 the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

ORDER - 7

Under the first *Eitel* factor, "prejudice exists where the plaintiff has no recourse . . . other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and quotation marks omitted). All Claimants are in default, and the only Claimant who has participated in this litigation to date has waived any right to challenge the forfeiture of the Defendant Property. The United States has no recourse other than default judgment for disposition of the Defendant Property, therefore the first *Eitel* factor weighs in favor of default judgment.

Under the second and third *Eitel* factors, the Court finds that the United States' substantive claims have merit and are sufficiently pleaded. *See Eitel*, 782 F.2d at 1471-72. The United States seeks forfeiture of the Defendant Property under 21 U.S.C. § 881(a)(6).[1] ECF No. 1 at 2-3. The Complaint contains detailed factual

---

[1] 21 U.S.C. § 881(a)(6) authorizes forfeiture to the United States of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

ORDER - 8

allegations about the drug trafficking investigation in which the Defendant Property was seized, and the United States' investigation into potential income sources for the Defendant Property. *Id.* at 3-9.

Under the fourth *Eitel* factor, "[d]efault judgment is disfavored if the sum of money at stake is completely disproportionate or inappropriate[] or if the plaintiff cannot recover its damages under the laws for which it seeks a remedy." *See Hygenix, LLC v. Xie*, No. 21-cv-957, 2022 WL 1094181, at *3 (D. Nev. Apr. 11, 2022) (citation and quotation marks omitted). There is no indication here that the value of the Defendant Property is disproportionate or inappropriate, and as noted above, the United States has established a prima facie civil forfeiture claim.

Fifth, the possibility of a dispute concerning material facts is remote. *See Eitel*, 782 F.2d at 1471-72. The only Claimant to have appeared in this matter, Ruiz-Cortez, has waived his rights to Defendant Property. Moreover, the Complaint alleges that Claimants Ruiz and Martinez previously submitted claims for the Defendant Property, but their assertions about the source of the Defendant Property were contradicted by their business records, reported income, estimated expenses, and vehicle title records. ECF No. 1 at 4-9.

Sixth, Claimants' default does not appear to be the result of excusable neglect. The United States also gave proper notice by publication and direct means, as required by Rule G. ECF Nos. 9, 10; *see BMO Bank N.A. v. Raiden, LLC*, No. 23-

ORDER - 9

cv-1465, 2023 WL 8934854, at *2 (W.D. Wash. Dec. 27, 2023) ("Generally, courts do not find excusable neglect when defendants were properly served with the complaint.") (citation omitted). Moreover, the record indicates that at least three Claimants have received actual notice of the intended forfeiture. Ruiz and Martinez made pre-suit claims against the Defendant Property in October 2017, indicating they have long been aware of the seizure of the Defendant Property. ECF No. 1 at 4-5. Ruiz-Cortez has demonstrated, by filing the Motion to Set Aside Entry of Default, that he is aware of these forfeiture proceedings. ECF No. 23.

Finally, the general rule is that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). "However, where a defendant's failure to appear 'makes a decision on the merits impracticable, if not impossible,' entry of default judgment is nonetheless warranted." *Elec. Frontier Found. v. Global Equity Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 948 (N.D. Cal. 2017) (quoting *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)). Here, no Claimant with a continuing right to challenge these proceedings has appeared, making a decision on the merits impossible.

In sum, the *Eitel* factors weigh in favor of granting default judgment in this case.

Accordingly, **IT IS HEREBY ORDERED:**

ORDER - 10

1. The United States' Motion to Lift Stay, **ECF No. 27**, is **GRANTED**.

2. Claimant Salvador Ruiz-Cortez's Motion to Set Aside Entry of Default, **ECF No. 23**, is **DENIED**.

3. The United States' Motion for Default Judgment and Final Order of Forfeiture, **ECF No. 22**, is **GRANTED**.

    a. Default judgment is entered against the interests of Beatriz Martinez, Carlos Hernandez, Pablo Martinez, Salvador Ruiz-Cortez, and Thalia Ruiz.

    b. The Defendant Property is hereby forfeited to the United States of America, and no right, title, or interest shall exist in any other person or entity.

    c. The United States Marshals Service shall dispose of the forfeited currency described herein in accordance with law.

    d. The Court shall retain jurisdiction in the case for the purpose of enforcing or amending this order.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order; provide copies to (1) counsel for the United States, (2) the U.S. Marshals Service, and Claimants (3) Salvador Ruiz-Cortez, (4) Beatriz Martinez, (5) Carlos Hernandez, (6) Pablo Martinez, and (7) Thalia Ruiz; and **CLOSE the file**.

ORDER - 11

DATED May 29, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 12